UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GWENDOLYN GADSDEN, as parent
and guardian of BRITTANY YOUNG,

    Plaintiffs,

v.                                          CASE NO:

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## WALMART STORES EAST, LP.'S NOTICE OF REMOVAL

Defendant, WALMART STORES EAST, LP, ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 20th Judicial Circuit Court in and for Charlotte County, Florida, Case No. 20-000464-CA, with full reservation of rights, exceptions, and defenses, and in support thereof states:

### I.    BACKGROUND

1.    On or about June 4, 2020, Plaintiff commenced this action by filing a Complaint against Walmart Stores East, LP. in the 20th Judicial Circuit Court in and for Charlotte County, Florida. (See Pl.'s Compl. attached as Ex. A.) The Complaint was served on Walmart on June 8, 2020.

2.    Plaintiff, BRITTANY YOUNG, alleges a claim for negligence against Walmart as a result of injuries she allegedly sustained on June 8, 2019, when she

"slipped and fell on liquid on the floor near a freezer between aisles 19 and 20" at the Walmart store located at 2150 Tamiami Trail, Port Charlotte, Charlotte County, Florida. (Ex. A at ¶¶ 6–9.)

3. Plaintiff's Complaint is removable based on diversity of citizenship of the parties and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

4. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 20th Judicial Circuit of the State of Florida in and for Charlotte County together with a docket sheet from the Clerk of the Court. (Attached as Composite Ex. B.)

5. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.   REMOVAL IS TIMELY

6. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Response to Request for Admissions admitting that the damages she seeks exceed $75,000 exclusive of interest, costs, and attorneys' fees. Plaintiff's Response to Requests for Admissions is the first "other paper" received after the filing of this action, from which it could be ascertained that the case is one which was removable. The thirty (30) day period commenced on August 10, 2020 when Plaintiff filed this response. (See Plaintiff's Response to Requests for Admissions, attached as Ex. C.)

7. Venue exists in the United States District Court for the Middle District of Florida, because the 20th Judicial District in and for Charlotte County, where Plaintiff filed her state court Complaint against Walmart, is located within the Middle District of Florida.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

8. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

9. Walmart Stores East, LP is a Delaware corporation that is a publically traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Walmart Stores East, LP is Bentonville, Arkansas. No publically traded entity owns more than 10% of the company.

10. Hence, Defendant, Walmart Stores East, LP, is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

11. Plaintiff is a citizen of the State of Florida residing in Charlotte County, Florida.

12. In her sworn Answers to Interrogatories, Plaintiff identifies her place of residence to be in Port Charlotte, Charlotte County, Florida, at the present time and for at least the past ten years. (Ex. D ¶ 3.)

13. The 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, a "person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular, 412 F. 3d 1247, 1249 (11th Cir. 2005) (quoting McCormick, 293 F.3d at 1257–58).

14. Plaintiffs' domicile in Port Charlotte, Charlotte County, Florida is equivalent to her citizenship for purposes of establishing diversity. McCormick, 293 F.3d at 1257.

15. Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### IV. AMOUNT IN CONTROVERSY

16. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

17. Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum—"damages that exceed $30,000.00," (Exhibit A, ¶ 1)—a review of the full Complaint, Plaintiff's Response to Request for Admissions, Plaintiff's Verified Answers to Defendant's Interrogatories, and medical records indicates that the claimed amount in controversy exceeds $75,000.00.

18. Plaintiff alleges in her Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff BRITTANY YOUNG "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, loss of earnings, loss of ability to earn money and numerous medical expenses. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future." (Exhibit A ¶ 14.)

19. Plaintiff served her Answer to Defendant's Request for Admissions, wherein she admitted that she is seeking damages in excess of $75,000.00, for the subject incident. (Ex. C.)

20. According to Plaintiff's Verified Answers to Defendant's Interrogatories and the medical records she produced, Plaintiff has incurred medical expenses in the amount of at least $20,761.50, and she will continue to seek treatment in the future for her allegedly permanent injury.

21. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

22. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and

accompanying documents when deciding upon a motion to remand." Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id (citing Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001) and Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000).

23. Based upon the allegations in the Complaint, Plaintiff's alleged injuries, the medical records and asserted medical bills, and Answers to Defendant's Interrogatories, the amount in controversy exceeds the requisite $75,000.00. The medical bills currently total at least $20,761.50, and this does not take into account Plaintiff's alleged future compensatory damages or Plaintiff's past and future non-compensatory damages, such as "pain and suffering, disability, disfigurement, mental anguish, [and] loss of capacity for the enjoyment of life . . . ." (Exhibit "A," ¶14.)

24. Thus, considering all of the information, the matter exceeds the $75,000 amount-in-controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information provided in Plaintiff's pre-suit demand letter, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000

is in controversy, together they suffice." Stephenson v. Amica Mutual Ins. Co., 2014 WL 4162781 (M.D. Fla. Aug. 21, 2014).

## V. CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 20th Judicial Circuit in and for Charlotte County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 20-CA-464, on the docket of the Court for the 20th Judicial Circuit in and for Charlotte County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

*/s/ Monica Schmucker*
Amanda J. Sharkey Ross
Monica Schmucker

HEREBY CERTIFY that on September 8, 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christopher J. Smith, Esquire
Goldstein, Buckley, Cechman, Rice & Purtz, P.A.
P.O. Box 2366
Fort Myers, FL 33902-2366
Telephone (239) 334-1146
cjs@gbclaw.com
cjsservice@gbclaw.com
*Attorneys for Plaintiffs*

    /s/ Monica Schmucker
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
MONICA SCHMUCKER
Florida Bar No. 120579
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone (239) 344-1249
Facsimile (239) 344-1542
*Attorneys for Defendant*
amanda.ross@henlaw.com
tracey.salerno@henlaw.com
monica.schmucker@henlaw.com
sarah.howie@henlaw.com